# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ALEXANDER R. VEAR,<br><br>　　　　　Defendant. | 3:15-cr-00027-RCJ-VPC-1<br><br>**ORDER** |

A grand jury has indicted Defendant Alexander R. Vear ("Defendant") on one count of Endangering Human Life While Illegally Manufacturing a Controlled Substance, 21 U.S.C. §§ 812, 858. A jury trial is presently set for October 24, 2016. (ECF No. 29.) On May 27, 2016, Defendant filed a motion to suppress certain evidence, including statements he made to officers of the Sparks Police Department ("SPD") and items seized by SPD during multiple searches of his home. (ECF No. 21.) On June 29, 2016, the Court denied Defendant's motion to suppress. (ECF No. 27.) Now pending before the Court is Defendant's Motion to Reconsider Order Denying Motion to Suppress. (ECF No. 31.) For the reasons given herein, the Court denies the Motion.

**I.   LEGAL STANDARD**

Granting a motion to reconsider is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934,

945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). In some cases, "other, highly unusual, circumstances" may also warrant reconsideration. *Id.*

However, a motion to reconsider "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945; *see also United States v. Lopez-Cruz*, 730 F.3d 803, 811–12 (9th Cir. 2013). Moreover, "[a] motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir.), *cert. denied*, 136 S. Ct. 537 (2015) (affirming district court's reconsideration of prior order granting motion to suppress).

**II.     DISCUSSION**

Defendant has not provided the Court with any basis for reconsidering its order denying Defendant's motion to suppress. Defendant's motion to reconsider does not present new evidence, nor point to any change in controlling law. In fact, Defendant's motion merely retreads the same ground and restates the same arguments previously covered in his motion to suppress— arguments the Court has already considered.

Furthermore, the Court's vacation of the evidentiary hearing regarding Defendant's motion to suppress was proper. Ninth Circuit precedent requires district courts "to conduct an evidentiary hearing when the moving papers filed in connection with a pre-trial suppression motion show that there are contested issues of fact relating to the lawfulness of a search." *United*

*States v. Mejia*, 69 F.3d 309, 318 (9th Cir. 1995). However, this obligation to hold a hearing is triggered only when "the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in issue." *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986).

In this regard, the instant case is very similar to *United States v. Franklin*, No. 14-30164, 2016 WL 2894454, at *1 (9th Cir. May 18, 2016), wherein the Court of Appeals concluded:

> Although Franklin contends it was contested whether the certified copies of the complaint, warrant, and return of the warrant introduced by the government were sufficient to prove a warrant had been issued prior to the search, Franklin offered no evidence to support the unsworn allegations in the memorandum accompanying his suppression motion. Standing alone, Franklin's unsworn, unsubstantiated assertions in the suppression memorandum did not constitute "an offer of proof 'sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search [were] in question.'" *United States v. DiCesare*, 765 F.2d 890, 896 (9th Cir.), *amended*, 777 F.2d 543 (9th Cir.1985) (quoting *United States v. Ledesma*, 499 F.2d 36, 39 (9th Cir.1974)). Absent such evidence, the district court was not required to hold an evidentiary hearing.

Here, like in *Franklin*, Defendant "offered no evidence to support the unsworn allegations in the memorandum accompanying his suppression motion." In fact, Defendant relied wholly on the prosecution's evidence "for purposes of argument." (Mot. Suppress 3, fn. 2, ECF No. 21.) Although Defendant may have reserved the right to "challenge and supplement" the prosecution's evidence at some later date, he failed in his motion to challenge the evidence in a manner sufficient to require the Court to hold an evidentiary hearing.

Now, in support of his motion to reconsider, Defendant has once again failed to offer evidence to refute the prosecution's facts.[1] He has done nothing more than present the same

---

1 Moreover, even if Defendant had presented new evidence in support of his motion for reconsideration, he would

unsworn and unsubstantiated assertions he previously presented in his motion to suppress. The Court has already considered these arguments, and drawn its conclusions. Therefore, at no point has Defendant offered evidence that is "sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact . . . are in issue." *Walczak*, 783 F.2d at 857. Accordingly, no evidentiary hearing is necessary.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motion (ECF No. 31) is DENIED.

IT IS SO ORDERED.
DATED: This 16th day of September, 2016.

_____
ROBERT C. JONES
United States District Judge

---

have had to satisfy the additional requirement of offering an acceptable excuse for his failure to present the same evidence in support of the original motion to suppress. *Lopez-Cruz*, 730 F.3d at 811–12.